**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL ZABOROWSKI, Individually and as Independent Administrator of the Estate of NICOLE HLADIK, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No.: |
| VILLAGE OF HINSDALE, ILLINOIS, a municipal corporation, and LIEUTENANT TOM MCCARTHY, | ) ) ) ) | *Plaintiff demands trial by jury* |
| Defendants. | ) | |

## COMPLAINT AT LAW

Plaintiff, DANIEL ZABOROWSKI, Individually and as Independent Administrator of the Estate of NICOLE HLADIK, Deceased, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of the Defendants, VILLAGE OF HINSDALE, ILLINOIS and LIEUTENANT TOM MCCARTHY, states as follows:

### INTRODUCTION

1. Plaintiff brings this matter to redress the sexual discrimination and sexual harassment occurring against Nicole Hladik by Defendants Village of Hinsdale, Illinois and Lieutenant Tom McCarthy (collectively referred herein as "Defendants"). Plaintiff bring this matter seeking damages for the various violations of the laws of the United States and State of Illinois arising from Defendants' acts and omissions resulting in harm to Nicole Hladik.

### JURISDICTION AND VENUE

2. This case is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"), to redress sex discrimination and sex harassment against

1

Nicole Hladik (Count I); the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.*, to redress sex discrimination and sex harassment against Nicole Hladik (Count II); 42 U.S.C. § 1983 to redress the deprivation of Equal Protection against Nicole Hladik as secured by the Fourteenth Amendment of the United States Constitution (Counts III and IV); Intentional Infliction of Emotional Distress (Count V); Loss of Consortium (Count VI); and Indemnification (Count VII).

3. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1391(b).

4. On information and belief, the parties reside in this judicial district and the events giving rise to the claims here all occurred within this district.

5. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **PARTIES**

6. Plaintiff Daniel Zaborowski ("Plaintiff") is the husband and court-appointed administrator of the Estate of Nicole Hladik, Deceased. He is and was a legal resident of the United States and the State of Illinois.

7. Defendant Village of Hinsdale, Illinois ("Hinsdale") is a municipal corporation under the laws of the State of Illinois.

8. Defendant Hinsdale is and was organized into various departments including its Fire Department ("Hinsdale Fire Department"). According to Defendant Hinsdale's website, the Hinsdale Fire Department was originally formed in July 1893. Defendant Hinsdale, through the Hinsdale Fire Department, employed its agents and/or employees to provide fire prevention, fire protection, and paramedic services. Defendant Hinsdale is responsible for its own acts or omissions and the conduct of its employees and/or agents under *respondeat superior*.

9. Defendant Tom McCarthy is and/or was an employee of Defendant Hinsdale. At all times relevant herein, Defendant McCarthy was employed by Defendant Hinsdale as Lieutenant for the Hinsdale Fire Department. Based on information and belief, Defendant McCarthy is and was a citizen of the United States and citizen of the State of Illinois.

10. At the time of the incident in this complaint, Defendant McCarthy was engaged in the complained of conduct while acting within the scope of his employment and under color of state law. Defendant McCarthy is sued in his individual capacity and as agent and/or employee of Defendant Hinsdale.

## FACTS COMMON TO ALL COUNTS

11. Nicole Hladik ("Hladik") was a female born in July 1994 in Berwyn, Illinois.

12. Hladik demonstrated a desire and commitment to public service as a firefighter from an early age. Indeed, Hladik attended the Broadview Fire Explorer Cadet Fire School at the Broadview Fire Department in Broadview, Illinois, which is an introductory program for boys and girls ages 13 to 21.

13. On November 29, 2018, Hladik was accepted as a firefighter candidate with the Western Springs Fire Department Training Academy located in Western Springs, Illinois.

14. On January 8, 2019, Hladik started her training at the Western Springs Fire Department Training Academy. Hladik graduated from Western Springs Fire Department Training Academy with honors finishing second in her class. Hladik thereafter worked part-time as a firefighter/paramedic for the Village of Western Springs, Illinois.

15. On June 20, 2019, Hladik received her certification from the State of Illinois as a firefighter.

16. In July 2019, Defendant Hinsdale, through the Hinsdale Fire Department, hired Hladik as a full-time firefighter/paramedic (hereinafter "firefighter") on a probationary basis for one (1) year. Hladik was required to satisfactorily complete her probation for one year in order to remain employed with the Hinsdale Fire Department on a permanent basis.

17. As a condition of her employment with Defendant Hinsdale, Hladik was initially required to attend the Romeoville Fire Academy in Romeoville, Illinois, where she again graduated with honors finishing second in her class.

18. Hladik's success at the aforementioned fire academies was expected: Hladik was a gifted athlete and intensely devoted to physical fitness throughout her life. At all times herein, Hladik exceeded all legitimate expectations with respect to the physical skills required to perform her work as a firefighter.

19. Following her graduation from the Romeoville Fire Academy, Hladik became a sworn firefighter for the Hinsdale Fire Department on September 17, 2019.

20. At all relevant times herein, Hladik was the only active female firefighter working for the Hinsdale Fire Department. In fact, Hladik was the third female ever to become a firefighter for the Hinsdale Fire Department in its over 100-year history.

21. During Hladik's employment with Defendant Hinsdale, the Hinsdale Fire Department was divided into three shifts: Gold, Black, and Red.

22. At all relevant times herein, each shift was organized to include a captain, a lieutenant, and a team of firefighters. The captain and lieutenant supervised the firefighters on each shift.

23. During her first six months as a firefighter with the Hinsdale Fire Department, Hladik was assigned to the Gold Division. While assigned to the Gold Division, Hladik was supervised by Captain Mike Neville and Lieutenant Andy Ziemer.

24. During her assignment to the Gold Division, Hladik regularly met and exceeded the legitimate expectations as a probationary firefighter, including earning a commendation during this period. Based on her performance in the Gold Division, Hladik was on track to satisfactorily complete her probation and become a permanent firefighter with the Hinsdale Fire Department.

25. In approximately January 2020, while still on probation, Hladik was re-assigned to the Black Division where Defendant McCarthy supervised Hladik.

26. Once assigned to the Black Division, Defendants engaged in a systematic pattern of conduct to break Hladik and force her to quit because of Hladik's sex.

27. Immediately upon her transfer to the Black Division, Hladik experienced constant, unwelcomed emotional torment, hostility, hazing, and abuse amounting to sexual discrimination and harassment by Defendants.

28. Throughout her assignment in the Black Division, Defendants intentionally imposed unnecessary and capricious terms and conditions of her employment calculated to prevent Hladik from passing her probation. Defendants did not subject any of the other male firefighters to the same work terms and conditions imposed upon Hladik.

29. For example, during her time on the Black Shift, Defendant McCarthy publicly ridiculed Hladik through verbal confrontations and humiliating interrogations related to her knowledge of fire services designed to make Hladik appear inept in the presence of her male co-workers on a daily basis. Defendant McCarthy and others regularly insulted her competency and

told her to quit in the presence of other male firefighters. No male firefighters were subjected to similar treatment as that of Hladik.

30. During her time on the Black Shift, Defendant McCarthy forced Hladik to perform training tasks specifically designed for her to fail on a daily basis. For example, on at least one occasion, Hladik was required to wear a blindfold to operate a firehose in a simulated fire. Hladik was given a failing score and told she should quit despite the impossibility of this training exercise which no firefighter would legitimately be expected to pass. No male firefighters were subjected to similar treatment as that of Hladik.

31. During her time on the Black Shift, Hladik always met and exceeded all legitimate firefighter expectations, yet she was regularly told on an almost daily basis by Defendant McCarthy that if she did not improve her performance, she would not become a firefighter. Upon information and belief, no male firefighters under the supervision of Defendant McCarthy were subjected to similar treatment.

32. As Hladik closed in on the final two weeks of her probation, Defendant Hinsdale and Defendant McCarthy intentionally and without any legitimate reason subjected Hladik to a Performance Improvement Plan that was calculated to embarrass her and discourage her from remaining with the Hinsdale Fire Department. This Performance Improvement Plan was implemented as a pretext to Defendants' anticipated decision to fail Hladik despite her excellent work performance while at the Hinsdale Fire Department.

33. Defendants' hostile treatment toward Hladik as she vied for her first full-time employment as a firefighter caused Hladik to believe that she would fall into disrepute for the rest of her career as a firefighter. In other words, Hladik perceived that failing to pass her probation

with the Hinsdale Fire Department would negatively impact and permanently prevent her from ever obtaining full-time employment as a firefighter with any other fire department.

34. On July 20, 2020, Hladik complained to her husband that Defendants "ruined her life."

35. After Defendants dashed Hladik's hopes of achieving her lifelong goal as a firefighter, Hladik committed suicide on July 21, 2020.

36. In her final words before her death, Hladik described her despair and torment from her work with the Hinsdale Fire Department where she wrote: "Work has destroyed me."; "I cannot take one more single day. Almost everyone at work will only be relieved."; and "P.S. You're welcome Lieutenant, I'm gone. I'm no longer your problem. You win."

37. At all relevant times herein, Hladik met and exceeded the legitimate expectations for employment as a firefighter with the Hinsdale Fire Department.

38. Plaintiff exhausted all administrative remedies through Equal Employment Opportunities Commission Charge Number 440-2021-00056.

39. Plaintiff filed this suit in a timely manner after receipt of the Notice of Right to Sue.

## COUNT I
## TITLE VII
## VILLAGE OF HINSDALE, ILLINOIS

40. Plaintiff incorporates and realleges the allegations contained in paragraphs 1 through 39 as the allegations contained in paragraph 40 of Count I.

41. At all relevant times herein, Hladik worked as a firefighter for Defendant Hinsdale.

42. At all relevant times herein, Defendant Hinsdale and Defendant McCarthy were Hladik's employer and supervisor, respectively.

43. At all relevant times herein, Hladik belonged to a protected class as the only female firefighter employed by Defendant Hinsdale.

44. At all relevant times herein, Hladik met the legitimate performance expectations for Defendant Hinsdale.

45. At all relevant times herein, Defendant Hinsdale, by and through its agent Defendant McCarthy, treated Hladik differently than similarly-situated male firefighters at the Hinsdale Fire Department where Hladik was required to perform training and job duties which other similarly-situated male firefighters were not required to perform.

46. Moreover, beginning in January 2020 and continuing through July 2020, Defendant Hinsdale, by and through its agent Defendant McCarthy, subjected Hladik to a continuous course of abusive and humiliating treatment on a daily basis amounting to a hostile work environment based on sex which included unnecessary training requirements, verbal threats, and abusive and demeaning language directed at Hladik, a female firefighter, by her supervisor Defendant McCarthy.

47. Defendant Hinsdale perpetuated this harassment in July 2020 when Hladik's supervisor, Defendant McCarthy, required Hladik to submit to a Performance Improvement Plan without any legitimate employment reason.

48. The sexual harassment was based on Hladik's sex and was sufficiently severe and/or pervasive to alter the terms and conditions of Hladik's employment at the Hinsdale Fire Department.

49. The sexual harassment was unwelcome, created an objectively hostile or abusive work environment that a reasonable person would find hostile or abusive, and created a work environment that was sexually abusive.

8

50. At all relevant times, Defendant Hinsdale, through its agent Defendant McCarthy and other supervisory personnel, possessed both actual and constructive knowledge of the hostile work environment to which Hladik was subjected.

51. Despite its knowledge, Defendant Hinsdale failed to take appropriate and effective steps reasonably calculated to stop or mitigate the harassment that created the hostile work environment.

52. Defendant Hinsdale subjected Hladik to discrimination and harassment based on her sex in violation of Title VII, 42 U.S.C. § 2000e-2(a).

53. As a direct and proximate result of the conduct of Hladik's supervisor Defendant McCarthy and Defendant Hinsdale's failure to take appropriate corrective steps reasonably calculated to address sexual discrimination and harassment toward Hladik, Hladik suffered harm, including lost wages and other employment benefits and/or have suffered emotional distress, humiliation, embarrassment, anguish, and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests:

a. Compensatory damages in an amount to be determined at trial;

b. Economic damages, including back pay wages, front pay wages, and fringe benefits;

c. Prejudgment interest;

d. An award of reasonable attorneys' fees, costs, and litigation expenses; and

e. Such other relief as the Court may deem just or equitable.

## COUNT II
## ILLINOIS HUMAN RIGHTS ACT
## VILLAGE OF HINSDALE, ILLINOIS AND LIEUTENANT TOM MCCARTHY

54. Plaintiff incorporates and realleges the allegations contained in paragraphs 1 through 53 as the allegations contained in paragraph 54 of Count II.

55. At all relevant times herein, Hladik worked as a firefighter for Defendant Hinsdale.

56. At all relevant times herein, Defendant Hinsdale and Defendant McCarthy were Hladik's employer and supervisor, respectively.

57. At all relevant times herein, Hladik belonged to a protected class as the only female firefighter employed by Defendant Hinsdale.

58. At all relevant times herein, Hladik met the legitimate performance expectations for Defendant Hinsdale.

59. At all relevant times herein, Defendant Hinsdale, by and through its agent Defendant McCarthy, treated Hladik differently than similarly-situated male firefighters at the Hinsdale Fire Department where Hladik was required to perform training and job duties which other similarly-situated male firefighters were not required to perform.

60. Moreover, beginning in January 2020 and continuing through July 2020, Defendant Hinsdale, by and through its agent Defendant McCarthy, subjected Hladik to a continuous course of abusive and humiliating treatment on a daily basis amounting to a hostile work environment based on sex which included unnecessary training requirements, verbal threats, and abusive and demeaning language directed at Hladik, a female firefighter, by her supervisor Defendant McCarthy.

61. Defendant Hinsdale perpetuated this harassment in July 2020 when Hladik's supervisor, Defendant McCarthy, required Hladik to submit to a Performance Improvement Plan without any legitimate employment reason.

62. The sexual harassment was based on Hladik's sex and was sufficiently severe and/or pervasive to alter the terms and conditions of Hladik's employment at the Hinsdale Fire Department.

63. The sexual harassment was unwelcome, created an objectively hostile or abusive work environment that a reasonable person would find hostile or abusive, and created a work environment that was sexually abusive.

64. At all relevant times, Defendant Hinsdale, through its agent Defendant McCarthy and other supervisory personnel, possessed both actual and constructive knowledge of the hostile work environment to which Hladik was subjected.

65. Despite its knowledge, Defendant Hinsdale failed to take appropriate and effective steps reasonably calculated to stop or mitigate the harassment that created the hostile work environment.

66. Defendant Hinsdale subjected Hladik to discrimination and harassment based on her sex in violation of the IHRA.

67. As a direct and proximate result of the conduct of Hladik's supervisor Defendant McCarthy and Defendant Hinsdale's failure to take appropriate corrective steps reasonably calculated to address sexual discrimination and harassment toward Hladik, Hladik suffered harm, including lost wages and other employment benefits and/or have suffered emotional distress, humiliation, embarrassment, anguish, and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests:

a. Compensatory damages in an amount to be determined at trial;

b. Economic damages, including back pay wages, front pay wages, and fringe benefits;

c. Prejudgment interest;

d. An award of reasonable attorneys' fees, costs, and litigation expenses; and

e. Such other relief as the Court may deem just or equitable.

## COUNT III
## 42 U.S.C. § 1983 – EQUAL PROTECTION
## VILLAGE OF HINSDALE, ILLINOIS

68. Plaintiff incorporates and realleges the allegations contained in paragraphs 1 through 67 as the allegations contained in paragraph 68 of Count III.

69. Under the Fourteenth Amendment to the United States Constitution, Hladik was entitled to equal treatment under the laws.

70. At all relevant times herein, Defendant Hinsdale acted under color of state law.

71. As described above, Defendant Hinsdale, by and through its supervisor Defendant McCarthy, repeatedly abused, harassed, and discriminated against Hladik based on sex in violation of her constitutional rights under the Fourteenth Amendment to the United States Constitution.

72. At all relevant times herein, Defendant Hinsdale, by and through its supervisor Defendant McCarthy, discriminated against Hladik based on her status as a female through various unnecessary training requirements, verbal threats, and abusive language on a daily basis.

73. At all relevant times herein, Defendant Hinsdale maintained a widespread practice of sexual harassment and discrimination motivated by a discriminatory purpose against Hladik where Hladik was forced to endure humiliation, degradation, and baseless criticism of her professionalism on a daily basis while working in the Black Shift under her supervisor Defendant McCarthy. This widespread practice against Hladik was so permanent and well settled as to constitute a custom or usage with the force of law.

74. Based on Defendant Hinsdale's widespread practices and customs, Defendant Hinsdale intentionally discriminated against Hladik based on sex and denied Hladik equal protection under the law as protected by the Fourteenth Amendment to the United States Constitution.

75. At all relevant times herein, Defendant Hinsdale harassed and discriminated against Hladik based on her sex through its municipal policymakers including Defendant McCarthy which was motivated by a discriminatory purpose.

76. As a direct and proximate result of Defendant Hinsdale's conduct, Hladik suffered harm, including lost wages and other employment benefits and/or have suffered emotional distress, humiliation, embarrassment, anguish, and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests:

a. Compensatory damages in an amount to be determined at trial;

b. Economic damages, including back pay wages, front pay wages, and fringe benefits;

c. Prejudgment interest;

d. An award of reasonable attorneys' fees, costs, and litigation expenses; and

e. Such other relief as the Court may deem just or equitable.

## COUNT IV
## 42 U.S.C. § 1983 – EQUAL PROTECTION
## LIEUTENANT TOM MCCARTHY

77. Plaintiff incorporates and realleges the allegations contained in paragraphs 1 through 76 as the allegations contained in paragraph 77 of Count IV.

78. Under the Fourteenth Amendment to the United States Constitution, Hladik was entitled to equal treatment under the laws.

79. At all relevant times herein, Defendant McCarthy acted under color of state law.

80. As described above, Defendant McCarthy intentionally and motivated by a discriminatory purpose abused, harassed, and discriminated against Hladik based on sex in violation of her constitutional rights under the Fourteenth Amendment to the United States Constitution.

81. At all relevant times herein, Hladik was forced to endure humiliation, degradation, and baseless criticism of her professionalism on a daily basis while working in the Black Shift under her supervisor Defendant McCarthy.

82. At all relevant times herein, Defendant McCarthy discriminated against Hladik based on her status as a female through various unnecessary training requirements, verbal threats, and abusive language.

83. At all relevant times herein, Defendant McCarthy treated Hladik differently than other similarly-situated male firefighters at the Hinsdale Fire Department.

84. At all relevant times herein, Defendant McCarthy discriminated against Hladik in a manner that was intentional, irrational, and wholly arbitrary. This treatment motivated by nefarious and discriminatory purposes and was not rationally-related to any governmental interest.

85. Defendant McCarthy intentionally discriminated against Hladik based on sex and denied Hladik equal protection under the law as protected by the Fourteenth Amendment to the United States Constitution.

86. Defendant McCarthy's acts were objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others, including Hladik.

87. As a direct and proximate result of the foregoing conduct of Defendant McCarthy, Hladik suffered harm.

WHEREFORE, Plaintiff respectfully requests:

a. Compensatory damages in an amount to be determined at trial;

b. Economic damages, including back pay wages, front pay wages, and fringe benefits;
c. Prejudgment interest;

d. An award of reasonable attorneys' fees, costs, and litigation expenses; and

e.   Such other relief as the Court may deem just or equitable.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## VILLAGE OF HINSDALE, ILLINOIS AND LIEUTENANT TOM MCCARTHY

88.   Plaintiff incorporates and realleges the allegations contained in paragraphs 1 through 87 as the allegations contained in paragraph 88 of Count V.

89.   At all relevant times herein, the conduct of Defendant Hinsdale, by and through its agent and employee Defendant McCarthy, was truly extreme and outrageous.

90.   At all relevant times, Defendant Hinsdale, by and through its agent and employee Defendant McCarthy, intended that their conduct would cause severe emotional distress or knew that there was a high probability that this conduct would do so.

91.   As a direct and proximate result of the aforesaid acts and/or omissions by Defendant Hinsdale, by and through its agent and employee Defendant McCarthy, Hladik sustained injuries of severe emotional distress.

WHEREFORE, Plaintiff respectfully requests:

a.   Compensatory damages in an amount to be determined at trial;

b.   An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.   Such other relief as the Court may deem just or equitable.

## COUNT VI
## LOSS OF CONSORTIUM
## VILLAGE OF HINSDALE, ILLINOIS AND LIEUTENANT TOM MCCARTHY

92.   Plaintiff incorporates and realleges the allegations contained in paragraphs 1 through 91 as the allegations contained in paragraph 92 of Count VI.

93.   At all times relevant, Plaintiff Daniel Zaborowski was the lawfully wedded husband of Nicole Hladik.

94. As a proximate result of the Defendants' conduct, Plaintiff Daniel Zaborowski suffered and continues to suffer from damages including deprivation of society, companionship, and sexual relations with his wife.

WHEREFORE, Plaintiff respectfully requests:

a. Compensatory damages in an amount to be determined at trial;

b. An award of reasonable attorneys' fees, costs, and litigation expenses; and

c. Such other relief as the Court may deem just or equitable.

## COUNT VII
## INDEMNIFICATION CLAIM
## VILLAGE OF HINSDALE, ILLINOIS

95. Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 94 as the allegations contained in paragraph 95 of Count VII.

96. Pursuant to 745 ILCS 10/9-102, the Village of Hinsdale, Illinois is empowered and directed to pay any judgment for compensatory damages and any associated attorneys' fees and costs for which the Village of Hinsdale, including Defendant McCarthy and its other agents or employees with the Hinsdale Fire Department, acting within the scope of his employment is found liable.

97. The acts and/or omissions of Defendants were committed within the scope of their employment.

98. In the event that a judgment for compensatory damages and attorneys' fees and costs is entered against any Defendant, the Village of Hinsdale, Illinois must pay the judgment as well as the associated attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment against the Defendant Village of Hinsdale, Illinois for indemnification of any judgment for compensatory damages and any associated attorneys' fees and costs.

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

/s/ James C. Pullos
James C. Pullos

James C. Pullos
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle St., Suite 3600
Chicago, IL 60602
(312) 899-9090
jcp@cliffordlaw.com
*Attorney for Plaintiff*